UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- against -

MICHAEL MCCANTS,

Defendant.

**ORDER**

19 Cr. 235 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

  In preparation for sentencing, the Court has reviewed the Presentence Investigation Report ("PSR") dated June 9, 2020.  (See PSR (Dkt. No. 29))  The PSR calculates the base offense level as 38, pursuant to U.S.S.G. § 2D1.1(a)(2).  (Id. ¶ 31)  Neither side has objected to this Guidelines calculation.  Indeed, the parties stipulated to a base offense level of 38 in the plea agreement.  (See Def. May 2, 2022 Ltr. (Dkt. No. 50) at 2-3; Govt. May 9, 2022 Ltr. (Dkt. No. 51) at 2)

  U.S.S.G. § 2D1.1(a)(2) applies where a defendant's "offense of conviction establishes that death or serious bodily injury resulted from the use of [a controlled substance]."  U.S.S.G. § 2D1.1(a)(2) (emphasis added).  Here, however, the Defendant was not charged with, and did not plead guilty to, an offense that involves causing death or serious bodily injury.  (See Information (Dkt. No. 11) ¶¶ 7-9 (charging conspiracy to violate 21 U.S.C. § 841(b)(1)(C), without reference to the statutory enhancement where "death or serious bodily injury results"); Plea Tr. (Dkt. No. 27) at 9, 13 (pleading guilty to same); Apr. 18, 2022 Tr. (Dkt. No. 48) at 3 (accepting plea))

  While the Second Circuit has not addressed whether U.S.S.G. § 2D1.1(a)(2) applies where a defendant has not been charged with, and has not pleaded guilty to, an offense

that involves causing death or serious bodily injury, see United States v. Sica, 676 F. App'x 81, 86 (2d Cir. 2017), four other Circuits have held that U.S.S.G. § 2D1.1(a)(2) "applies only when a resulting death (or serious bodily injury) was an element of the crime of conviction." United States v. Lawler, 818 F.3d 281, 285 (7th Cir. 2016); see United States v. Greenough, 669 F.3d 567, 573-75 (5th Cir. 2012); United States v. Rebmann, 321 F.3d 540, 543-44 (6th Cir. 2003); United States v. Pressler, 256 F.3d 144, 157 n.7 (3d Cir. 2001).

By **May 31, 2022**, the parties will submit letters addressing whether U.S.S.G. § 2D1.1(a)(2) applies to this case and, if not, provide a substitute Guidelines analysis.

Sentencing is adjourned to **June 7, 2022, at 3:00 p.m.** in Courtroom 705 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York.

Dated:   New York, New York
         May 24, 2022

SO ORDERED.

_Paul G. Randolph_
Paul G. Gardephe
United States District Judge